# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH DIGENOVA,<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 18-CV-1883 |
| UNITE HERE LOCAL 274, *et al.*,<br>    Defendants. | : | |

## MEMORANDUM

BAYLSON, J.                                                                     June 8, 2018

Plaintiff Joseph DiGenova initiated this civil action against Unite Here Local 274 and Michael Mullins, identified as the Treasurer of the union. It is his most recent lawsuit in a long-running dispute between DiGenova and the union related to DiGenova's employment. DiGenova moved to proceed *in forma pauperis* and for appointment of counsel. For the following reasons, the Court will grant DiGenova leave to proceed *in forma pauperis*, dismiss his Complaint without prejudice, and deny his request for counsel at this time.

## I. FACTS[1]

DiGenova works as a banquet server and is or was a member of Unite Here Local 274, a union of food service workers. He has repeatedly sued the union and union officials in this Court without success.[2]

---

[1] The following facts are taken from the Complaint and publicly available dockets of prior proceedings in federal court.

[2] *See DiGenova v. Unite Here Local 274*, E.D. Pa. Civ. A. No. 16-1222 (dismissing complaint for improper service and for failure to state a claim); *DiGenova v. Unite Here Local 274*, E.D. Pa. Civ. A. No. 15-4143 (dismissing amended complaint for failure to comply with Federal Rule of Civil Procedure 8, which ruling was affirmed on appeal); *Unite Here Local 274, Banquet Servers A List v. Sheraton Univ. City/MS Employment*, E.D. Pa. Civ. A. No. 13-3787 (dismissing amended complaint as unintelligible); *Unite Here Local 274 v. Sheraton Univ. City*, E.D. Pa.

1

As with several of his prior civil actions, DiGenova's Complaint in the instant case is not pled in a manner that makes the basis for his claims clear to the Court. DiGenova only completed three pages of the five-page form complaint that he used to file his Complaint in this matter. Additionally, his claims rely heavily on exhibits, requiring the Court to imply or speculate at the basis for his claims in this action.

Having reviewed DiGenova's submission, the Court understands his claims to be based primarily on two emails in which clients requested that he not be included among the wait-staff at upcoming events. (Compl. ECF No. 2, at 4.) The emails are attached as exhibits to the Complaint. (*Id.* at 12 & 16.) In the first email, dated December 28, 2015, an Assistant General Manager at the Hilton in Philadelphia stated that "We would prefer not to use Jospeh Degenova [sic] as a server at the property." (*Id.* at 12.) In the second email, dated February 3, 2016, the client asked the union "not to send us Joe DiGenova" because:

> Our last couple of events with Joe staff has resulted in many complaints from both our in house staff, as well as additional staff from the union. We believe it would be best for our operation as well as the work environment if Joe D was not assigned to this event.

(*Id.* at 16.)

Those emails were passed along to the union, in DiGenova's opinion, for "personal reasons, not professional" and were allegedly "concealed by [the] union." (*Id.*) DiGenova alleges that the Assistant General Manager who sent the first email was influenced by Gina

---

Civ. A. No. 13-3856 (same); *Banquet Servers Hyatt Regancy Penns Landing v. Unite Here Local 274*, E.D. Pa. Civ. A. No. 13-3855 (same); *DiGenova v. DiGenova v. Fox*, E.D. Pa. Civ. A. No. 10-3110 (dismissed because DiGenova could not articulate a basis for subject matter jurisdiction over claims of "false swearing" and "collusion"); *DiGenova v. Fox*, E.D. Pa. Civ. A. No. 09-267 (granting summary judgment for defendants); *DiGenova v. Aramark*, E.D. Pa. Civ. A. No. 02-4813 (case dismissed as frivolous and duplicative of Civ. A. No. 02-98); *DiGenova v. Baker*, E.D. Pa. Civ. A. No. 02-98 (complaint was dismissed and judgment affirmed on appeal).

Infante, an employee who "participated in a theft of [DiGenova's] possessions from [his] home, while [he] was on a work assignment in Alabama for 6 months." (*Id.* at 4.) DiGenova adds that Infante is friends with Defendant Mullins, who was allegedly responsible for concealing the email from him until September 26, 2017. DiGenova implies that this concealment affected a matter before the National Labor Relations Board (NLRB).

DiGenova attached several additional documents to his Complaint. He attached documents from administrative proceedings before the Equal Employment Opportunity Commission (EEOC), which indicate that he filed a charge of discrimination with the EEOC claiming that he was discriminated against based on his sex and retaliated against because he "was passed over for assignment to a job despite being most senior on the referral list due to the manipulations of a Female coworker, Gina Infante, who then took the shift [he] should have been assigned." (*Id.* at 8.) DiGenova alleged that he believes that he was discriminated against because "work that should be assigned to [him] first was given to Females instead," and retaliated against for "raising complaints of discrimination." (*Id.*) The EEOC sent DiGenova a notice of right to sue letter on February 6, 2018. (*Id.* at 6.)

DiGenova also attached to his Complaint documents reflecting that he brought a charge against the union before the NLRB. (*Id.* at 10.) In that charge, DiGenova alleged that the union "restrained and coerced employees in the exercise of rights protected by Section 7 of the [Labor Management Relations Act]" by failing to notify him that the clients did not want him to work their events. (*Id.*) The NLRB determined that DiGenova's charge was untimely. DiGenova also attached to his Complaint copies of complaints he filed with the police concerning the union's alleged concealment of documents and his ongoing labor dispute, a document entitled "Hiring Hall Rules and Procedures for Banquet Servers," documents and affidavits that appear to have

3

been prepared for or submitted in administrative proceedings, and a portion of the union's by-laws. The Complaint does not describe the relief that DiGenova seeks from this Court.

## II.  STANDARD OF REVIEW

The Court grants DiGenova leave to proceed *in forma pauperis* because it appears as though he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As DiGenova is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

DiGenova's Complaint fails to comply with Federal Rule of Civil Procedure 8(a) because it does not make clear the basis for his claims in a manner that would enable the Court and the Defendants to meaningfully screen his Complaint or respond to his claims. Much of the uncertainty is due to the fact that the Complaint is incomplete and, as in DiGenova's past lawsuits, relies heavily on exhibits, leaving the Court to guess at what claims DiGenova intends to bring. It is not clear if DiGenova is raising claims under federal statutes prohibiting employment discrimination or federal labor laws, or whether he is bringing an independent claim based on the alleged concealment of emails by the union. Indeed, although the exhibits attached to the Complaint suggest that DiGenova's claims are motivated by allegedly unlawful labor or employment practices, his Motion for Appointment of Counsel suggests that his claims are based on the concealment of documents and a conspiracy to hide the theft of his property in 2005 by another employee. (*See* ECF No. 3.) Accordingly, the Court will dismiss the Complaint without prejudice to DiGenova filing an amendment so that he may clarify the basis for his claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss DiGenova's Complaint without prejudice to amendment. DiGenova's Motion for Appointment of Counsel is denied without prejudice to reassertion if DiGenova files an amended complaint. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate order follows.

BY THE COURT:

_____
MICHAEL M. BAYLSON, J.